## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROYAL EVERETT SILAS,<br><br>      Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | **MEMORANDUM DECISION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br><br>Case No. 2:18-cv-00279-DN<br><br>District Judge David Nuffer |

Petitioner Royal Everett Silas, a person in federal custody, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion").[1] In the Motion, Silas requests an order vacating his sentence in *United States v. Silas*, No. 2:15-cr-00071-DN (D. Utah) (the "Criminal Case"), based on the Tenth Circuit Court of Appeals' decision in *United States v. O'Connor*.[2] Having reviewed and considered the Motion and the Government's response,[3] and for good cause appearing, the following findings are entered:

1.  Unlike the defendant in *O'Connor*, who "pled guilty … without the benefit of a plea agreement," Silas entered into a plea agreement in the Criminal Case on May 13, 2015 (the "Agreement").[4]

2.  Among other things, the Agreement provides:

> 8.  I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and / or commitments made by the United States in this plea agreement, I knowingly,

---

[1] Docket no. 1, filed April 2, 2018.

[2] 874 F.3d 1147 (10th Cir. 2017).

[3] Government's Response to Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, docket no. 4, filed August 20, 2018.

[4] Statement by Defendant in Advance of Plea of Guilty and Plea Agreement Pursuant to Fed. R. Crim. Proc. 11(c)(1)(C), dkt. no. 24, filed May 13, 2018.

voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

    ….

    12.    The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

    ….

    b.    Stipulated Sentence. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed by the Court will be 108 months' imprisonment, and I further agree that a sentence of 108 months' imprisonment is a reasonable sentence.

    ….

    d.    Appeal Waiver.

    (1)    Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement.

    (2)    I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, except as set forth in (2)(a) above, in any collateral review motion, writ or other procedure, *including but not limited to a motion brought under* 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.[5]

3.    During his plea hearing, Silas confirmed that he knowingly, intelligently, and voluntarily entered into the Agreement, and that he understood that he was waiving his rights as stated in the Agreement,[6] including specifically paragraph 12(d) of the Agreement.[7]

4.    As Silas's judgment of conviction was entered on May 22, 2015,[8] his conviction became final for § 2255 purposes on June 5, 2015, the date on which his time to file a direct appeal expired.[9]

---

[5] Agreement, *supra* note 4, at 3-4 (emphasis added).

[6] *See* Official Transcript of Change of Plea and Sentencing, at 5:22-14:13, dkt. no. 54, filed August 11, 2016.

[7] *Id.* at 9:16-23, 11:17-12:4.

[8] Judgment in a Criminal Case, dkt. no. 26, filed May 22, 2015.

[9] *See* 28 U.S.C. § 2255(f)(1); FED. R. APP. P. 4(b)(1)(A), 26(a)(1).

5.      Silas filed the Motion on April 2, 2018.[10]

6.      Silas does not assert, and there is no evidence, that there was any impediment to making the Motion; that there was any impediment created by governmental action in violation of the Constitution or laws of the United States; or that he was prevented from making the Motion by such governmental action.[11]

7.      Silas does not assert a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.[12]

8.      Silas does not assert, and there is no evidence, that facts supporting the claim or claims presented in the Motion could not have been discovered through the exercise of due diligence until within one year of the Motion's filing. Indeed, Silas does not assert that there are newly discovered facts or evidence supporting the claim or claims presented in the Motion.[13] Instead, Silas bases the Motion solely on the publication of *O'Connor* on October 30, 2017.[14]

9.      Silas does not assert, and there is no evidence, that he received ineffective assistance from counsel.[15]

Based on the foregoing findings, the files and records of the case conclusively show that Silas is entitled to no relief under 28 U.S.C. § 2255 because (1) he knowingly, intelligently, and voluntarily waived his right to file a motion under § 2255 in the Agreement; and (2) the applicable one-year period of limitation[16] bars the Motion.

---

[10] *See supra* note 1.

[11] *See* 28 U.S.C. § 2255(f)(2).

[12] *See id.* § 2255(f)(3).

[13] *See id.* § 2255(f)(4).

[14] Motion, *supra* note 1.

[15] *See* Agreement, *supra* note 4, at 5 ("I am satisfied with my lawyer.").

[16] 28 U.S.C. § 2255(f).

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[17] is DENIED.

The clerk is directed to close this action.

Signed October 26, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[17] Docket no. 1, filed April 2, 2018.